UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY ELMORE,<br><br>                Plaintiff,<br><br>   v.<br><br>CHARLOTTE A. BURROWS, UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and JOHN DOES 1–10,<br><br>                Defendants. | Civil Action No. 21-2347 (JMC) |

## MEMORANDUM OPINION

Pro se plaintiff Henry Elmore filed this action making various claims under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), 42 U.S.C. § 1981, and the Due Process Clause of the United States Constitution, against the Chair of the Equal Employment Opportunity Commission (EEOC), the EEOC itself, and ten unnamed John Does "who may in whole or in part be liable for all or part of the claims set forth herein." ECF 1 at 2 ¶ 4. On Defendants' motion, ECF 6, the Court dismisses all claims except those arising under Title VII and the Rehabilitation Act, and all defendants except Burrows. The Court then transfers the surviving claims to their proper venue in the Southern District of Florida.[1]

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

**I.      BACKGROUND**

The Complaint alleges the following. At the time in question, Elmore was employed as an Investigator at the Miami District Office of the EEOC. ECF 1 at 5 ¶ 8. On December 12, 2018, he requested, as a reasonable accommodation for his Post-Traumatic Stress Disorder (PTSD), that he be transitioned to full-time telework. *Id.* at 6 ¶ 14. Approximately one week after that, a Human Resources representative informed Elmore that he had been approved for an "alternate" accommodation—a single weekly day of telework and a private office. *Id*. Elmore alleges that this alternate accommodation was not effective because the noise and distractions that had been disrupting his work due to his disability continued to be an issue. *Id.* at 8 ¶ 16. On February 1, 2019, Elmore requested reconsideration of the alternate accommodation, which was denied. *Id.* at 8 ¶ 17.

Despite Elmore's requests, at no point in that process did the Agency seek to engage in an interactive process to speak with Elmore about his disability and determine an appropriate accommodation. *Id.* at 8 ¶ 15 and 9 ¶ 17. Elmore further alleges that, in response to his accommodation request (and subsequent EEO complaint, *see infra*), his supervisors engaged in a pattern of reprisal and harassment, revoking the one weekly day of telework for which he had already been approved (thus nullifying that part of the alternate accommodation), *id.* at 9 ¶ 17, seeking to remove him from the unit to which he was assigned because of "a bogus claim he was under-performing," *id.* at 22 ¶ 56, failing to provide him with performance appraisals, *id.*, and denying him his Within Grade Increase in pay, *id*. at 9 ¶ 20. Although Elmore's Complaint focuses largely on his mental disability, he also alleges that he was subjected to disparate treatment based on the "intersectional bases" of race and sex. *Id.* at 3 ¶ 2; *see also, e.g.*, *id.* at 23 ¶ 60.

On February 18, 2019, Elmore contacted the Office of Equal Opportunity to initiate EEO counseling. *Id.* at 2 ¶ 1. On March 20, 2019, and on May 11, 2019,[2] Elmore filed formal EEO complaints alleging disparate treatment, failure to accommodate, and unlawful retaliation. *Id.* He then filed suit in this Court on August 31, 2021. ECF 1. Defendants filed their Motion to Dismiss, to Transfer, and for a More Definite Statement on March 18, 2022. ECF 6. Elmore filed his opposition on April 11, 2022, ECF 9, and Defendants filed their reply on May 13, 2022, ECF 11.

## II. LEGAL STANDARDS

### A. Failure to state a claim under Rule 12(b)(6)

A party may seek to dismiss a complaint under Rule 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a Rule 12(b)(6) motion, a court must "treat the complaint's factual allegations as true" and "grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, a court may not accept inferences that "are unsupported by the facts set out in the complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Nor may a court accept "mere conclusory statements" through which the complaint advances legal conclusions without factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] The Complaint states that Elmore filed his second formal complaint on May 11, 2018. ECF 1 at 2 ¶ 1. Because that date precedes the events that gave rise to the Complaint, the Court assumes this was a typographical error and that the second complaint was filed on May 11, 2019. *See Uzlyan v. Solis*, 706 F. Supp. 2d 44, 57 n.7 (D.D.C. 2010).

### B. Lack of subject matter jurisdiction under Rule 12(b)(1)

When reviewing a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the Court must "treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016). But unlike a Rule 12(b)(6) motion, the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### C. Improper venue under Rule 12(b)(3)

A defendant may also move to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). Whether venue is proper "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*, 571 U.S. 49, 55 (2013). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Haley v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009). However, the burden is on the plaintiff to establish that venue is proper, *see, e.g., Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011), and the Court is not obligated to accept the plaintiff's legal conclusions, *Haley*, 667 F. Supp. 2d at 140.

## III. ANALYSIS

In addition to the disparate treatment and retaliation claims that constitute the bulk of his complaint, Elmore alleges that the EEOC's "scheme of how it selects contract administrative judges to serve in cases in which the EEOC is a party" violates the Due Process Clause of the Fifth Amendment. ECF 1 at 23 ¶ 62; *see also id.* at ¶ 61. Specifically, Elmore alleges evidence that "agency attorneys had repeated ex parte communications with the contract administrative judge,"

4

ECF 1 at ¶ 63, and that "[t]he administrative judge and agency attorneys refused to provide information as to how the contract administrative judge was selected by the EEOC and the conflict of interest that was created by that process." *Id*. The Court will consider that claim, and dismiss it for failure to state a claim, before moving on to Elmore's employment claims.

    **A. Elmore fails to state a claim that the EEOC's process for assigning an administrative judge to his case violated his right to Due Process.**

"[D]ue process demands impartiality on the part of those who function in judicial or quasi-judicial capacities." *Schweiker v. McClure*, 456 U.S. 188, 195 (1982). Courts must start with the presumption that the administrative judge is unbiased. *Id*. To overcome this presumption, the challenging party must show a "conflict of interest or some other specific reason for disqualification." *Id.* at 195–96. To be disqualifying, "[t]he alleged bias . . . must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Here, Elmore alleges that the ALJ had "a personal stake in the matter," ECF 1 at ¶ 65, but alleges no facts to suggest what that personal stake might be, or how it might have led the administrative judge to make her decision on any basis other than "what [she] learned from [her] participation in the case." *Grinnell Corp.*, 384 U.S. at 583. Nor is there anything in Elmore's Complaint to suggest that the administrative judge was anything less than meticulous in her consideration of the evidence or in reaching her decision. In short, the Complaint offers nothing more than a few conclusory statements that the administrative judge was biased, which the Court disregards in the absence of any "well-pleaded factual allegations" that might lend them support. *Iqbal*, 556 U.S. at 679. Because Elmore fails to state a claim that the EEOC's process for selecting the "contract administrative judge" violated his Due Process rights, that claim is dismissed.

## B. Elmore's claims under the ADA and 42 U.S.C. § 1981 are dismissed, as are his claims against all defendants except Burrows.

That leaves Elmore's claims under Title VII, the Rehabilitation Act, the ADA, and 42 U.S.C. § 1981. As an initial matter, the Court dismisses Elmore's claims under the ADA and 42 U.S.C. § 1981. Regarding Elmore's claims of race and gender discrimination, Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. GSA*, 425 U.S. 820, 835 (1976). Therefore, where "the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, the Title VII claim preempts the non-Title VII claim." *Bergbauer v. Mabus*, 810 F. Supp. 2d 251, 260 (D.D.C. 2011) (quoting *Mathis v. Henderson*, 243 F.3d 446, 450–51 (8th Cir. 2001)). Similarly, regarding Elmore's reasonable accommodation and retaliation claims, "the Rehabilitation Act is the exclusive remedy for federal employees alleging disability discrimination." *Welsh v. Hagler*, 83 F. Supp. 3d 212, 222 (D.D.C. 2015) (collecting cases); *Richardson v. Yellen*, 167 F. Supp. 3d 105, 118 (D.D.C. 2016) (specifically preempting a parallel ADA claim). Because Elmore's claims under the ADA and 42 U.S.C. § 1981 are based on the same set of facts as his claims under Title VII and the Rehabilitation Act, the former claims are preempted and therefore dismissed.

Next, the Court dismisses all Defendants in the case except for Burrows, in her official capacity as Chair of the EEOC. "The only proper defendant in a Title VII suit" by a federal employee "is the head of the department, agency, or unit in which the allegedly discriminatory acts transpired." *Hackley v. Roudebush*, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975). Similarly, "since the Rehabilitation Act draws from the procedures of Title VII, the only proper defendant in a Rehabilitation Act suit is the head of the department, agency or unit." *Buie v. Berrien*, 85 F. Supp. 3d 161, 171 (D.D.C. 2015). For that reason, and because Elmore's Title VII and Rehabilitation Act claims are all that remain, the EEOC and John Does 1−10 are dismissed as Defendants.

### C. Elmore's surviving claims are transferred to the Southern District of Florida.

The Court now turns to Defendant's Motion to Transfer Elmore's remaining claims to the Southern District of Florida. Congress meant for employment discrimination claims to be decided "in the judicial district most concerned with the alleged discrimination." *Tawwaab v. Va. Linen Serv., Inc.*, 594 F. Supp. 2d 68, 70 (D.D.C. 2009). Under both Title VII and the Rehabilitation Act, venue in cases against federal employers is controlled by 42 U.S.C. § 2000e-5(f)(3). *Webster v. Mattis*, 279 F. Supp. 3d 14, 18 (D.D.C. 2017) (Title VII); *Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012) (Rehabilitation Act). That provision requires that:

> Venue is only proper in the judicial district where: 1) the unlawful employment practice was alleged to occur; 2) the employment records relevant to such practice are maintained and administered; 3) the plaintiff would have worked but for the alleged unlawful employment practice; or 4) if the defendant is not within any of these judicial districts, venue may be proper in the district where the respondent has its principal office.

*Webster*, 279 F. Supp. 3d at 18. Per the plain text of 42 U.S.C. § 2000e-5(f)(3), venue is proper if any one of its four prongs is satisfied. However, the fourth prong requires *both* that defendant's "principal office" be located in the district, and that "the putative employer cannot be brought before the court" in any of the districts that would be proper under the first three prongs. *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102−03 (D.C. Cir. 1969).

Here, the only proper venue for Elmore's case is the Southern District of Florida. Elmore alleges no unlawful employment practices that occurred outside of that district, which encompasses the Miami Office of the EEOC. *See, e.g.*, ECF 1 ¶¶ 8, 39, 55. He makes no allegation that the relevant employment records are housed outside of that district, or that he would have worked in any other district but for the unlawful practices. Finally, because the EEOC is present and amenable to suit in the Southern District of Florida, the fourth prong of 42 U.S.C. § 2000e-5(f)(3) does not come into play. Thus, Elmore has not carried his burden to plead facts

which, if assumed true, would make the District of Columbia (or, indeed, any venue other than the Southern District of Florida) a proper venue for his claims.

At this juncture the court may either dismiss this action or, in the interest of justice, transfer the action "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Assuming without deciding that Elmore states viable claims against Burrows under Title VII and the Rehabilitation Act, the Court will transfer those claims (and only those claims) to the United States District Court for the Southern District of Florida.

### D. The Court declines to consider Defendants' Motion for a More Definite Statement.

Because the Court transfers Elmore's Title VII and Rehabilitation Act claims without considering their merit, the Court declines to consider Defendants' Motion for a More Definite Statement of those claims, leaving that question for resolution by the transferee court.

### IV.   CONCLUSION

The Court dismisses Plaintiff's claim that the EEOC violated his Due Process rights by selecting a biased administrative judge. The Court also dismisses Plaintiff's claims under the Americans with Disabilities Act and 42 U.S.C. § 1981, as well as all claims against the EEOC and John Does 1–10. As for Plaintiff's claims under Title VII and the Rehabilitation Act, the Court will deny Defendants' Motion to Dismiss those claims for improper venue and failure to state a claim, as well as the Motion for a More Definite Statement. Instead, the Court transfers the action to the United States District Court for the Southern District of Florida. Resolution of the surviving claims is left for the transferee court.

An Order consistent with this Memorandum Opinion is issued separately.

**SO ORDERED.**

DATE: October 13, 2022

                                                                     _____
Jia M. Cobb
U.S. District Court Judge